ANTONIO PILLICH, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 1228. Submitted January 19, 1948.—Decided April 7, 1948.

522

*José Sabater* for petitioner. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant purchased an urban property situated in Santurce and encumbered with a mortgage in favor of Ignacio Rodríguez Luiña. The latter died, and among his heirs was Rafael Rodríguez Barreal, to whom, among other properties, the aforesaid mortgage credit was adjudicated as part of his inheritance. Subsequent to the declaration of heirship, about the year 1929, the District Attorney of Mayagüez filed a petition in said Court wherein he set forth that at that time four years had passed with no news as to the whereabouts of Rafael Rodríguez Barreal, who had left Puerto Rico fourteen years before, without having left or subsequently appointed any attorney-in-fact; that all the proper steps had been taken to find him without success; that he was unmarried when they last heard of him and that he had left some property in the districts of Mayagüez and San Juan. By virtue of this motion, the District Court of Mayagüez appointed a judicial administrator by order of March 24, 1930.

About the year 1940 or 1941 a sister of the absentee appeared before said district court and after setting forth the aforesaid facts and that the absentee had left Puerto Rico twenty-seven years ago without it being known whether he was dead or alive, asked that he be declared presumably dead and consequently that his presumptive heirs be placed in possession of his property; that judicial administration be closed and the preparation of an inventory of absentee's property be ordered, so as to submit it to the approval of

the court, and, finally, that the property appearing from the inventory be recorded in favor of the heirs under the conditions fixed by law. The District Attorney was notified and filed no objection. The court, after summoning the presumptive heirs for a hearing which was held on June 27, 1941, entered an order on the 30th of the same month granting the petition and ordering that an inventory be prepared and that the property appearing therefrom be recorded in favor of the heirs subject to the conditions prescribed by law. On August 6, 1942 the order was sent in duplicate to the Registrars of San Germán and San Juan, respectively. The former recorded in favor of the heirs the property situated within the jurisdiction of his registry pursuant to the provisions of the order. The latter, however, only recorded the provisional possession of the property and mortgage credits in favor of the heirs and entered a note to that effect on February 13, 1947, from which note no appeal was taken.

Such was the status of the property in the registry when the heirs of Rafael Rodríguez Barreal, in whose favor the provisional possession was recorded, instituted a foreclosure proceeding in the District Court of San Juan against appellant Antonio Pillich to collect the mortgage. Before the termination of the suit the respondent paid the mortgage credit as prayed by the plaintiffs, and on April 23, 1945 obtained from the District Court of San Juan an order addressed to the Registrar of Property of San Juan, First Section, ordering him to make the entry of cancellation of said mortgage.

The registrar denied the cancellation on the following grounds: Because it appeared from the registry that the presumptive heirs of Rafael Rodríguez Barreal had only recorded the provisional possession of the property of the absentee; because he had been declared absent by an order of the District Court of Mayagüez of June 30, 1941 and at the time that the cancellation of the mortgage had been or-

dered, the term fixed by the Civil Code to apply for and obtain the order of presumption of death of the absentee [1] had not expired, the presumptive heirs are precluded from obtaining and the court cannot order, said cancellation until the adequate proceedings were had. From this note of December 1947 the present administrative appeal has been taken.

■ In order to decide the question raised by the note appealed from, we must bear in mind that the presumptive heirs have only recorded in their favor the provisional possession of the mortgage. Whether or not the registrar erred in recording the provisional possession alone, is a question that could have been decided if the heirs had taken an administrative appeal from the note of February 13, 1947, which they did not do, as we have pointed out. Within this appeal, which is taken from the note of December 18, 1947, we can not review the previous note. Consequently, when the registrar received the order for the cancellation of the mortgage it appeared from the registry that the heirs in whose favor the cancellation was ordered because they had received the payment of the mortgage, had only recorded the provisional possession. In the light of these facts, we must now determine whether the District Court of San Juan could order the cancellation of the mortgage.

■■ Just like under the Civil Code no one may convey more rights than those he has, under the Mortgage Law no one may convey more rights than those he has recorded. This principle emanates from § 20 of the Mortgage Law, which provides in its pertinent part:

"In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or

---

[1] To this effect § 56 of the Civil Code prescribes:

"After fifteen years have passed since the day on which the provisional possession of the estate of the absentee was awarded or on which the husband or wife of said absentee took over the administration of the estate belonging to him or to her in accordance with the foregoing provisions, or after ninety years have passed since the birth of the absentee the district court shall, on petition of any interested party, declare that he is presumably dead."

property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.

"*Registrars shall refuse to admit to record such deeds until this requisite shall have been complied with, and they shall be directly responsible for any damage they may cause a third person by the violation of this provision.* (Italics ours.)

We now turn to determine what are the rights of the heirs according to the registry. We find the solution in §§ 51 and 55 of the Civil Code, which provide:

"Section 51.—*Provisional possession is only a deposit investing those who obtain it with the administration of the estate of the absentee,* to whom they are liable in case he appears or is heard from . . . " (Italics ours.)

"Section 55.—[2] Persons enjoying only provisional possession *can neither alienate* nor encumber the real estate of the absentee." (Italics ours.)

This Court has repeatedly held that the cancellation of a mortgage is an act of alienation. *De Diego* v. *Registrar,* 35 P.R.R. 300; *Loubriel* v. *Registrar of San Juan,* 26 P.R.R. 662; *Gómez* v. *Registrar of Guayama,* 26 P.R.R. 223; *Santini* v. *Registrar of Caguas,* 23 P.R.R. 305; *Crehore* v. *Registrar of Property,* 22 P.R.R. 30 and *Benítez Hermanos* v. *Registrar of Property,* 17 P.R.R. 221. This being so, the heirs who had only been vested with the administration of an estate, §§ 51 and 55 of the Civil Code, could not cancel the mortgage which is an act of strict ownership. Since only the provisional possession was recorded, the district court was precluded, under § 20 of the Mortgage Law, from ordering the cancellation, so long as the mortgage credit was not recorded in favor of the heirs of the absentee. Consequently, the registrar did not err in denying the cancellation.

The registrar's note is affirmed.

Mr. Justice Todd, Jr., did not participate herein.

---

[2] The amendment introduced to this Section by Act No. 140 of May 15, 1937 (page 311) did not modify the portion copied above.